UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

LAKETIA GRIMES,

Plaintiff,

v.                    6:13-cv-75

BOARD OF REGENTS OF THE
UNIVERSITY SYSTEM OF THE
STATE OF GEORGIA, et al.,

Defendants.

## ORDER

### I. INTRODUCTION

The Board of Regents of the University System of the State of Georgia, Georgia Southern University, Dr. Brooks A. Keel, Charles Patterson, John R. Diebolt, and Samuel Todd bring this motion to dismiss Laketia Grimes's claims, contending that she brought her case outside the statute of limitations. ECF No. 13. Some of Ms. Grimes's claims are time-barred, but some remain within their window of viability. Therefore, the motion is *GRANTED IN PART* and *DENIED IN PART*.

### II. BACKGROUND[1]

Plaintiff's claims arise from her time at Georgia Southern University ("GSU") as an undergraduate and from GSU's rejection of her application to remain there as a graduate student. She alleges that while at GSU, her instructors demeaned her because of her status as an African-American and a woman, and that they gave advantages to white students that she did not receive. ECF No. 17-2 at 8-10. She further alleges that GSU denied her application to its graduate sports management program because of her race, and that GSU employees retaliated against her by tarnishing her reputation in filings to the Office of Civil Rights. *Id.* at 11-13. She has raised claims under 42 U.S.C. §§ 1981, 1983, 1985, 1986, and 1988; 20 U.S.C. §§ 1681-88; 42 U.S.C. § 2000d to 2000d-7; and state tort law. *Id.* at 13-26.

Plaintiff filed this case in the Northern District of Georgia. She has since amended her complaint several times.[2] ECF Nos. 17; 19. The Defendants moved to dismiss on a variety of grounds. ECF No. 13. The Plaintiff timely filed her response to the motion to dismiss, and the parties subsequently transferred the case to this Court. ECF No. 23. Per the agreement of the parties and the previously-granted permission of the Northern District, Plaintiff responded only to the threshold issue of the statute of limitations. ECF No. 16. Both parties have jointly requested that another pending motion—the motion for leave to file a third amended complaint—be held in abeyance until after this Court rules on Defendants' statute of limitations defense. ECF No. 26 at 2.

### III. ANALYSIS

Defendants moved to dismiss all of Plaintiff's claims as barred by the statute of limitations. ECF No. 13. However, Plaintiff's responsive motion focused exclusively on her § 1981 claims, ECF No.

---

[1] Portions of the Background are quoted directly from ECF No. 26 at 1-2.

[2] The parties have agreed that Plaintiff's amendments do not alter the substantive statute of limitations analysis. ECF No. 26 at 2.

16, and Defendants pointed out that her briefing appeared to concede that her other claims were time-barred, ECF No. 20. The Court therefore briefly addresses the relevant legal standard, followed by the statute of limitations applicable to Plaintiff's § 1981 claims, and finally the limitations periods for all other claims.

## A. Motion to Dismiss Standard

A claim survives a motion to dismiss if it alleges sufficient facts to render that claim plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. Well-pleaded facts, however, are taken as true for deciding this motion. *E.g. Watts v. Fla. Intern. Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). "Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotations omitted).

## B. Plaintiff's § 1981 Claims

Plaintiff's various complaints allege that Defendants violated 42 U.S.C. § 1981 by intentionally discriminating against her, or in the alternative by failing to implement measures preventing discrimination against her. ECF No. 17-2 at 18-19. Defendants argue that Georgia state statutes of limitation control the § 1981 claims, and that those statutes are either one or two years. ECF No. 13-1 at 6-7. Defendants further contend that this action may not travel as a renewal action under Georgia law. *Id.* at 8-14.

Though Plaintiff's brief is at times difficult to follow, her primary rebuttal is that a federal statute of limitations, 28 U.S.C. § 1658, controls her § 1981 claims. ECF No. 16 at 1. She appears to concede that her claim is not a valid renewal action under Georgia law. *Id.* at 15 ("If the claims remaining were diversity claims, and if we were proceeding under a limitations period based on a renewal of a prior, validly filed and served complaint, then Georgia rules of diligent service . . . would apply."). Her argument, therefore, solely rests on whether Georgia's statute of limitations or § 1658 governs her § 1981 claims.

### 1. § 1658 Application

Congress enacted 28 U.S.C. § 1658 to alter the statute of limitation analysis that the Supreme Court had previously announced for several categories of claims, including those arising under § 1981. *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004). The plain language of § 1658 sets a four-year statute of limitations for claims "arising under federal statutes enacted after December 1, 1990." *Id.* Justice Stevens, writing for the Court, interpreted that language and held that § 1658 governed a claim if the "claim against the defendant was made possible by a post-1990 enactment." *Id.* at 382.

The *Jones* Court further confronted the specific statutory interplay this Court faces today—when § 1658's time bar applies to actions brought under 42 U.S.C. § 1981. In so doing, it noted that its own prior rulings had interpreted § 1981 as a narrow remedy, applicable only to a racially-motivated refusal to contract or to racially-motivated

2

retaliation designed to prevent a party from exercising her explicit contractual rights. *Jones*, 541 U.S. at 372-73 (citing *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)). The *Jones* Court noted that Congress did not agree with the *Patterson* Court's earlier, limited reading of § 1981. In 1991, in response to *Patterson*, Congress incorporated "termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship" into the bundle of rights that § 1981 guarantees. *Jones*, 541 U.S. at 383 (citing 42 U.S.C. § 1981).

The *Jones* Court therefore examined when and how 28 U.S.C. § 1658's limitations period applied to actions brought under the post-amendment § 1981. Applying the "made possible by a post-1990 enactment" test, the *Jones* Court held that if a § 1981 claim arose under one of the new, ancillary contract rights, § 1658's four-year period was the governing one. *Id.* at 382. Contrarily, "[a]ctions which were available prior to the amendments are still subject to a 'borrowed' statute of limitations, which in Georgia is two years." *Palmer v. Stewart Cnty. Sch. Dist.*, 215 F. App'x 822, 824 (11th Cir. 2007).

### 2. *Plaintiff's § 1981 Claims*

As *Jones* shows, the Court must examine Plaintiff's specific § 1981 claims and determine whether they arise under the pre-amendment or post-amendment interpretation of § 1981. The Court notes that the inquiry would be easier were Plaintiff's § 1981 count more than a shotgun pleading that sprawlingly reincorporates the Complaint's prior seventy-three paragraphs.

ECF No. 1 at 18-20. Her amended complaint makes no further movements towards specificity. ECF No. 17-2 at 18-20. The Court must therefore comb the complaint and attempt to discern the exact nature of Plaintiff's § 1981 claim.

### a. GSU's Racial Harassment

Plaintiff alleges that four individual Defendants "alone or in concert with one or more of the others intentionally discriminated against Plaintiff on account of her race" or "failed to implement measures to prevent discrimination . . . ." *Id.* at 18. She claims that individual Defendant Todd gave white students advantages that he did not afford Plaintiff, *id.* at 9, and that he made disparaging comments about African-Americans, *id.* at 10.

Defendants urge that any racial harassment was actionable under the pre-amendment rubric. ECF No. 13 at 6-7. Plaintiff's brief focuses almost exclusively on retaliation, but points the Court generally towards *Jones* and its articulation of the divide between pre- and post-amendment claims. ECF No. 16 at 3.

For these specific claims, *Jones* is the starting point. There, the plaintiffs were black manufacturing workers—already under contract with the defendant—who alleged that their work environment was hostile and racially charged. 541 U.S. at 371-72. The *Jones* Court held that "hostile work environment, wrongful termination, and failure to transfer claims" were violations only of the post-amendment statute and thus fell under § 1658's limitations period. *Id.* at 383. The Eleventh Circuit has implemented the *Jones* holding

3

in largely predictable fashion. *See, e.g., Baker v. Birmingham Bd. of Educ.*, 531 F.3d 1336, 1337-39 (11th Cir. 2008) (racial discrimination against already-employed teacher was post-amendment claim). And for § 1981 purposes, analysis of a contract for education is no different than analysis of a contract for employment or any other service. *Gratz v. Bollinger*, 539 U.S. 244, 275 n.23 (2003) ("[W]e have explained that a contract for educational services is a 'contract' for purposes of § 1981.").

Given these starting points, it seems relatively clear that 28 U.S.C. § 1658's limitations period applies to Plaintiff's claims that GSU racially harassed her during the course of her 'contract' as a student. Her claims do not arise from the formation of a contract—rather, they allege that GSU instructors behaved improperly once she was already under that contract. It took the 1991 amendment, and *Jones*'s interpretation of it, to render post-contract employer malfeasance cognizable under § 1981. *Cf Patterson*, 491 U.S. at 176-77 (holding that pre-amendment cause of action did not address "conduct by the employer after the contract relation has been established . . . ."). § 1658's four-year time bar applies to these claims.

Of course, the Court must still *apply* that four-year time bar. Plaintiff filed her complaint on December 7, 2012. ECF No. 1. Her studies under Defendant Todd spanned the Fall 2008 semester. ECF No. 17-2 at 8. Because she alleges an ongoing series of harassment, and because the Fall 2008 semester likely would have extended past Dec. 7, 2008, the Court declines to declare these claims time-barred without the benefit of discovery.

b. GSU's Failure to Admit

Plaintiff further contends that GSU denied her admission to its graduate program because of her race, *id.* at 11-12. She contends that she also had four years to file this claim, ECF No. 16 at 13. Defendants claim that the failure to admit claim was available under pre-amendment law and is therefore time-barred.

The core of the pre-amendment § 1981 was the right of racial minorities to create a new contract unencumbered by their race. *Patterson*, 491 U.S. at 176-78. And Plaintiff's desired graduate admission was a (potential) new contract.[3] If Defendants really conspired to deny her that new contract on the basis of her race, they denied her the "formation of a contract . . . ." *Id.* at 176. This wrong had a remedy before the 1991 amendment, and therefore, the Court applies the two-year Georgia limitations period as opposed to the four-year period of 28 U.S.C. § 1658.

The latest date for which Plaintiff articulates an act underpinning this claim is February 10, 2010. ECF No. 16 at 14. She filed her complaint two years and ten months later. Any claim arising from GSU's failure to admit her into its graduate program is time-barred.

c. Retaliation

---

[3] Plaintiff does not allege that her contract for undergraduate coursework at GSU included admission or presumptive admission into the Masters of Science, Sports Management program, nor does anything in her pleadings dispel the general assumption that undergraduate and graduate study are separate endeavors. *See generally* ECF No. 17-2.

4

Plaintiff has also attempted to plead a retaliation claim under § 1981. *See* ECF No. 17-2 at 13; *see also* ECF No. 20 at 4-5 (conceding Plaintiff attempted to plead such a claim). The entire basis for the retaliation claim seems to be the Complaint's 65th paragraph, alleging that in "retaliation and in further evidence of discrimination, Defendants also misrepresented to the [Office of Civil Rights] that Plaintiff was 'unruly.'" ECF No. 17-2 at 13.

Defendants urge that the Court should view this misrepresentation as an "attempt to obstruct a nonjudicial method of adjudicating [a] dispute" and maintains that such a claim was available pre-amendment. ECF No. 20 at 9. Plaintiff asserts that Defendants' interpretation is far too broad, ECF No. 16 at 1-12, though she admits that *Patterson* preserved *some* retaliation claims. *Id.* at 4.

First, the Court rejects Plaintiff's implication that it may only examine other cases that dealt with retaliation in an academic context. *Id.* at 5. 42 U.S.C. § 1981 deals with contracts generally, of which contracts for education are only a small subset.

Defendants skillfully argue that under *Patterson*, § 1981 "cover[ed] wholly *private* efforts to impede access to the courts or obstruct nonjudicial methods of adjudicating disputes about the force of binding obligations, as well as discrimination . . . ." 491 U.S. at 177 (emphasis in original). But the *Patterson* Court subsequently noted that the "right to enforce contracts does not, however, extend beyond conduct by an employer which impairs an employee's ability to enforce through legal process his or her *established contract rights.*" *Id.* at 177-78 (emphasis added). And *Jones* establishes that racial discrimination against a party after consummation of a contract was not a viable pre-amendment claim under § 1981. 541 U.S. at 383. Given that Plaintiff alleges that Defendants' negative report to the Office of Civil Rights ("OCR") was, at least partially, retaliation for her raising claims about her racial harassment while studying at GSU, the Court cannot say that it falls squarely within *Patterson*'s ambit of cognizable pre-amendment claims. Therefore, 28 U.S.C. § 1658's four-year limitations period applies.

Plaintiff sparred with the OCR throughout 2009, and Defendants' adverse report would presumably have come within that time. ECF No. 16 at 13. Any date within that year would fall within the limitations period. Therefore, the statute of limitations does not bar Plaintiff's retaliation claim.

### C. Plaintiff's Other Claims

Plaintiff's other claims represent a diverse and exhaustive collection of both federal and state causes of action. ECF No. 17-2 at 13-26. She alleges discrimination under 42 U.S.C. §§ 1983, 1985, 1986, and 1988; Title IX sex discrimination, Title VI race discrimination, and state law tort claims. *Id.*

But it is not necessary to decide whether these claims were filed within their proper statute of limitations. Plaintiff has failed to brief or argue that any claim besides that brought under § 1981 was timely filed. *See* ECF No. 16 (briefly mentioning "refiled

federal claims" but mentioning none of the foregoing theories by name). If Plaintiff has not addressed those claims, they are deemed abandoned. *See, e.g., Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) (acknowledging that failure to brief and argue claim in Eleventh Circuit renders it abandoned).

Further, because Defendants timely noted that failure to brief—and based their responsive strategy on it—the Court will not simply gloss over Plaintiff's lack of argument. *Cf Neville v. Classic Gardens*, 141 F. Supp. 2d 1377, 1380 (S.D. Ga. 2001) (noting Court's readiness to deem abandoned argument which is not explicitly incorporated into 12(b)(6) response but addressing merits because neither party raised issue).

The claims not based on § 1981 are dismissed without prejudice.

### IV. CONCLUSION

The Court has taken up a narrow issue today: whether state or federal statutes of limitation bar Plaintiff's claims. Though the Court has allowed some claims to proceed, it hastens to add that it has *only* determined whether these claims are within their window of viability. No litigant—or any third party, for that matter—should mistake this order for an assertion that Plaintiff's claims necessarily carry their general pleading burden under Federal Rule of Civil Procedure 8(a).

Nevertheless, the Court can only decide the motion before it. Counts I, III, IV, V, VI, are ***DISMISSED WITHOUT PREJUDICE***. Within Count II, any claim that Defendants violated Plaintiff's 42 U.S.C. § 1981 rights by denying her admission to GSU's graduate program is ***DISMISSED WITH PREJUDICE***. Plaintiff's remaining claims under § 1981 may proceed.

This 2?  day of March 2014.

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

6